KAUGER, J.,
 

 ¶1 The only question presented is whether, under the facts of this cause, the bondsman is entitled to remittance of the posted bond pursuant to 59 O.S. Supp. 2014 § 1332.
 
 [1]
 
 We hold that he is.
 

 FACTS
 

 ¶2 The appellant, John Burks, (Burks/bondsman) is a bondsman who posted one hundred thousand dollar ($100,000) bail for the defendant, Billy Durfey, in a criminal case in Garvin County District Court.
 
 [2]
 
 Durfey did not appear in court and the court forfeited the bond. On December 15, 2014, the same day that Durfey failed to appear, the bondsman made a written request to the Garvin County Sheriff's office that Durfey be entered into the National Crime Information Center (NCIC) database. The bondsman did not place any restrictions or limitations on his request and he signed a letter agreeing to pay for all extradition expenses incurred in returning Durfey to Garvin County.
 
 [3]
 

 *153
 
 ¶3 Days later, Burks learned that the Sheriff's office had entered Durfey into the database, but that the extradition directive had been geographically limited to Oklahoma and its surrounding states. At his own expense, Burks conducted an investigation for Durfey which led him to Montana. Local law enforcement, however, was unable to assist Burks because Durfey was not listed in the NCIC database due to the restrictions placed by the Garvin County Sheriff.
 

 ¶4 Burks again contacted the Sheriff's office and asked that any territorial restrictions be removed. It was not until the Bondsman obtained information that Durfey may have traveled to Mexico that an Oklahoma Highway Patrol Trooper assigned to the U.S. Marshal's office got involved. The Oklahoma Highway Patrol Trooper contacted the Sheriff's office in late January 2015
 
 [4]
 
 and the Sheriff lifted the geographical restrictions pursuant to the Highway Patrol's request. On July 7, 2015, the bondsman paid the bond forfeiture after he was unable to apprehend Durfey and return him to Garvin County.
 

 ¶5 On January 22, 2016, the bondsman filed a motion for remittur, asking that the bond payment be returned because the Garvin County Sheriff's Office failed to enter Durfey into the NCIC system without restrictions as the bondsman has twice requested.
 

 ¶6 On February 18, 2016, the trial court, pursuant to 59 O.S. Supp. 2014 § 1332(C), found that the bond could not be exonerated because the forfeiture had already been paid and the defendant has not been returned to custody within one year of the payment due. The bondsman appealed. The Court of Civil Appeals acknowledged that the Sheriff's failure to honor Burks' requests hindered his ability to apprehend Durfey. Nevertheless, it held that the ninety-day statutory period had expired and Burks had to pay the forfeiture of $100,000 on July 7, 2015. We granted certiorari on June 4, 2018.
 

 UNDER THE FACTS OF THIS CAUSE, THE BONDSMAN IS ENTITLED TO REMITTANCE OF THE POSTED BOND PURSUANT TO
 

 59 O.S. 2014
 
 Supp. § 1332.
 

 ¶7 This cause is submitted on the bondsman's brief only because the appellee did not file a response to the petition in error or an answer brief. Burks argues that the bond was exonerated by operation of law. We agree. At the time, title 59 O.S. Supp. 2014 § 1332(C)(5)(a)
 
 [5]
 
 provided:
 

 [T]he bond shall be exonerated by operation of law in any case in which ... the bondsman has requested in writing of the sheriff's department in the county where the forfeiture occurred that the defendant be entered into the computerized records of the National Crime Information Center, and the request has not been honored within fourteen (14) business days of the receipt of the written request by the department.
 

 Burks requested, in writing, that Durfey be entered into the NCIC database. He did not request any territorial limitation and even affirmatively asked that the territorial limitation be removed. Burks fully complied with the statute, yet the Sheriff did not honor this request within the statutory period. Consequently, the bond was exonerated by operation of law.
 

 ¶8 In
 
 State
 
 v.
 
 Torres
 
 ,
 
 2004 OK 12
 
 , ¶ 20,
 
 87 P.3d 572
 
 , we concluded:
 

 When a defendant fails to appear as ordered, the Oklahoma statutes authorize the court to declare a forfeiture of the appearance bond. The bondsman is then given a
 
 *154
 
 ninety-day grace period in which he or she can return the defendant to custody and obtain vacation of the forfeiture as a matter of course.
 
 After the ninety-day grace period has expired, the trial court retains discretion to vacate the bond forfeiture under the provisions of § 1332(C)(5).
 
 (Emphasis supplied).
 

 Torres
 
 ,
 
 supra,
 
 clarifies that even after the ninety-day period has expired and the bondsman is required to pay the forfeiture, the provisions of § 1332(C) remain operative. Thus, although ninety days passed and Burks paid the forfeiture, § 1332(C) was in still in force.
 

 ¶9 Additionally, the trial court had discretion under 59 O.S. Supp. 2014, § 1332(C)(6)(a) to vacate the order of forfeiture:
 

 The court may, in its discretion, vacate the order of forfeiture and exonerate the bond where good cause has been shown for ... the defendant's failure to appear.
 

 Burks has presented convincing evidence of good cause why Durfey did not appear. Despite Burks repeated requests, it was not until the Oklahoma Highway Patrol intervened that the Sheriff's office removed the territorial limitations from the NCIC database. Even though the Sheriff's office was well aware that Durfey had cut off his ankle tracking monitor in Montana, the Sheriff entered him in the database only for Oklahoma and the surrounding states. Because of this, Burks' agents in Montana could not coordinate with local law enforcement to have Durfey arrested.
 

 ¶10 In
 
 State
 
 v.
 
 Vaughn
 
 ,
 
 2000 OK 63
 
 , ¶22,
 
 11 P.3d 211
 
 , we set forth the factors to be considered in exercising discretion. We said:
 

 Subsection 1332(C)(5)(b) allows the trial court to determine whether a bondsman has shown good cause for his or her failure to return the defendant to custody within ninety days and, if good cause is shown, gives the trial court discretion to vacate the forfeiture order. In exercising its discretion, the trial court must not act arbitrarily or unreasonably.
 
 Patel [v. OMH Medical Center, Inc.,
 

 987 P.2d 1185
 
 (Okla.1999)
 
 ], supra
 
 . The trial court is to consider all pertinent factors, some of which include:
 

 (a) whether the defendant has been returned to custody and, if so, whether the bondsman's efforts assisted in the defendant's return;
 

 (b) the nature and extent of the bondsman's efforts to locate and return the defendant to custody;
 

 (c) the length of the delay caused by the defendant's non-appearance;
 

 (d) the cost and inconvenience to the government in regaining custody of the defendant;
 

 (e) the stage of the proceedings at the time of defendant's non-appearance; and
 

 (f) the public interest and necessity of effectuating defendant's appearance.
 

 This list of factors is illustrative, not exhaustive. No one factor in and of itself is determinative and we do not prescribe the weight to be given any factor.
 

 ¶11 Here, the bondsman tracked Durfey to Montana. The Sheriff's failure to make the registration nationwide prohibited the bondsman from returning Durfey to custody in Oklahoma. The Sheriff's failure caused the length of delay in apprehending Durfey. The Sheriff's actions increased the cost and inconvenience in regaining custody. Certainly, there is public interest and necessity in effectuating a defendant's appearance. Pursuant to
 
 Vaughn
 
 , supra, the bondsman showed good cause.
 

 CONCLUSION
 

 ¶12 Burks fully complied with 59 O.S. Supp. 2014 § 1332, yet the Sheriff did not honor his request within the statutory period. Consequently, the bond was exonerated by operation of law. Burks presented convincing evidence of good cause why Durfey did not appear. The bondsman is entitled to remittance of the posted bond pursuant to 59 O.S. Supp. 2014 § 1332.
 

 CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 

 GURICH, V.C.J, KAUGER, EDMONDSON, COLBERT, REIF, WYRICK, DARBY, JJ., concur.
 

 COMBS, C.J., WINCHESTER, J., dissent.
 

 [1]
 

 Title 59 O.S. Supp. 2014 § 1332(c) provides in pertinent part:
 

 C. 1. The bail bondsman shall have ninety (90) days from receipt of the order and judgment of forfeiture from the court clerk or mailing of the notice if no receipt is made, to return the defendant to custody.
 

 2. The bondsman may contract with a licensed bail enforcer pursuant to the Bail Enforcement and Licensing Act to recover and return the defendant to custody within the ninety-day period, or as agreed, or notwithstanding the Bail Enforcement and Licensing Act if the bondsman is duly appointed in this state by an insurer operating in this state, the bondsman may seek the assistance of another licensed bondsman in this state who is appointed by the same insurer.
 

 3. When the court record indicates that the defendant is returned to custody in the jurisdiction where forfeiture occurred, within the ninety-day period, the court clerk shall enter minutes vacating the forfeiture and exonerating the bond. If the defendant has been timely returned to custody, but this fact is not reflected by the court record, the court shall vacate the forfeiture and exonerate the bond.
 

 [2]
 

 The criminal case, CF-2012-319, concerned multiple alleged rapes, lewd molestations, and forcible sodomy. One victim was under fourteen years old, and one was under sixteen.
 

 [3]
 

 The request, dated December 15, 2014, provides:
 

 I,
 
 John R. Burks
 
 , request the following person
 
 Billy W. Durfey
 
 be entered NCIC by the Garvin County Sheriff's Office on case # CF-2012-319.
 

 I would like extradition state/nationwide. I will be responsible for all costs related to the above person's extradition. It will also be my responsibility to notify, in writing, the Garvin County Sheriff's Office if I am no longer in need of the NCIC entry.
 

 [4]
 

 No specific date appears in the petition for certiorari or Court of Civil Appeals opinion.
 

 [5]
 

 The statute has since been superseded (Nov. 1, 2015). However, the relevant provision, 59 O.S. Supp. 2015 § 1332(c)(5)(a) currently remains substantially the same and it provides:
 

 5. In addition to the provisions set forth in paragraphs 3 and 4 of this subsection, the bond shall be exonerated by operation of law in any case in which:
 

 a. the bondsman has requested in writing of the sheriff's department in the county where the forfeiture occurred that the defendant be entered into the computerized records of the National Crime Information Center, and the request has not been honored within fourteen (14) business days of the receipt of the written request by the department,